IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CHRISTOPHER A GREENLEE,

    Plaintiff,
v.                                                                   CASE NO. 5:12-cv-373-RV-GRJ

WASHINGTON COUNTY JAIL, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner presently confined at Cross City C.I., initiated this case by filing a *pro se* Complaint pursuant to 42 U.S.C § 1983 and seeks leave to proceed as a pauper. Docs. 1 & 2. Plaintiff's motion for leave to proceed as a pauper is deficient because he failed to complete the Court's form prisoner certification and affidavit of indigency, and failed to provide a copy of his six-month prison account statement. Moreover, even liberally construed the facts alleged in the Complaint do not state a cognizable claim for relief, and the undersigned therefore concludes that amendment of the complaint would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). In view of the futility of amendment, the undersigned recommends that leave to proceed as a pauper be denied and that his case be dismissed pursuant to 28 U.S.C § 1915A.

The claims in the complaint stem from an incident that occurred while Plaintiff was confined in the Washington County Jail. Plaintiff alleges that he suffered chest pains in the jail and was placed in a wheelchair. While he was in the wheelchair, he blacked out and "was either flipped or fell from the wheelchair." Plaintiff was taken to a hospital for treatment. The named Defendants in the instant case are the Washington County Jail, the State of Florida, Officer McCallister, Lieutenant Brock, and an unnamed

transportation officer. However, as to these Defendants Plaintiff repeatedly states that they "took steps that probably saved my life," and that he "hates" to file a complaint against them for what was "an accident." Plaintiff admits that the only two named individual Defendants – McCallister and Brock – are not "directly to blame. It was an accident." Doc. 1. Rather, Plaintiff states that his injuries from the Washington County wheelchair accident were aggravated by a subsequent assault in the Holmes County Jail and that he is having medical problems now that he is in the DOC. *Id*. Plaintiff expresses concern that his medical problems could affect a medical benefits claim that is pending against BP stemming from the Deepwater Horizon oil spill. Plaintiff has filed a separate lawsuit relating to the alleged assault at the Holmes County Jail and his medical care since that time. *See Greenlee v. Holmes County Jail*, Case No. 5:12cv372 (N.D. Fla.).

Pursuant to 28 U.S.C. § 1915A, the court "shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and shall "dismiss the complaint . . . if the complaint . . . fails to state a claim upon which relief may be granted. To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that an act or omission committed by a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir.1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claims, then the complaint is subject to dismissal. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief

above the speculative level," and complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"); *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1951-53 (2009) (*Twombly* "expounded the pleading standard for all civil actions," and conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true," and, to escape dismissal, complaint must allege facts sufficient to move claims "across the line from conceivable to plausible.").

A *pro se* litigant's allegations are entitled to the benefit of liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." *GJR Investments v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir.1998) (*overruled on other grounds* by *Iqbal*).

In *Estelle v. Gamble*, 429 U.S. 97 (1976), the Supreme Court held that deliberate indifference to the serious medical needs of prisoners violates the Eighth Amendment prohibition against cruel and unusual punishment. "To prevail on a deliberate indifference to serious medical need claim, [a plaintiff] must show: (1) a serious medical need; (2) the defendants' deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." *Mann v. Taser Intern., Inc.*, 588 F.3d 1291, 1306–07 (11th Cir. 2009). To establish the second element, deliberate indifference to the serious medical need, the plaintiff must show: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; and (3) by conduct that is more than mere negligence." *Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir.2004);

*see also Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 1979, 128 L.Ed.2d 811 (1994) (explaining that the plaintiff must show that the defendant was "both [ ] aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and he must also [have] draw[n] the inference").

In this case, the "Washington County Jail" and the "State of Florida" are not entities that are amenable to suit under section 1983 with respect to injuries stemming from Plaintiff's wheelchair accident. Moreover, the claims against the individual defendants assert, at most, that Defendants were in some unspecified way negligent with respect to Plaintiff's wheelchair transport at the Washington County Jail. Thus, the factual allegations of the complaint wholly fail to state a cognizable deliberate-indifference claim.

In light of the foregoing, it is respectfully **RECOMMENDED** that leave to proceed as a pauper be denied, and that this case be **DISMISSED** for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C § 1915A.

**IN CHAMBERS** at Gainesville, Florida this 23rd day of April 2013.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**
**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**